| | | | |
|---|---|---|---|
| Minute Order Form (06/97) | **United States District Court, Northern District of Illinois** | | |
| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
| CASE NUMBER | 97 C 7992 | DATE | 2/11/2002 |
| CASE TITLE | U S A ex rel. Leroy Thomas vs. J. Ronald Haws | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   The petition for writ of habeas corpus is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| ✓ | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |
| EF | courtroom deputy's initials |

FEB 12 2002

02 FEB 11 PM 4:56
U.S. DISTRICT COURT CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES of AMERICA, ex rel. LEROY THOMAS, ) ) ) Petitioner, ) ) vs. ) ) J. RONALD HAWS, ) ) Respondent. ) | No. 97 C 7992 HONORABLE CHARLES R. NORGLE |

FEB 1 2 2002

**OPINION AND ORDER**

CHARLES R. NORGLE, Sr., District Judge:

Before the court is Leroy Thomas' petition for writ of habeas corpus under 28 U.S.C. § 2254. For the following reasons, the court denies the petition.

**I. BACKGROUND**

The court summarizes the relevant facts regarding Thomas' conviction from the Illinois Appellate Court's order affirming his conviction, which are presumed correct on habeas review. See 28 U.S.C. § 2254(e)(1).

Thomas was convicted of felony murder and armed robbery in the Circuit Court of Cook County. The evidence at trial showed that on December 14, 1987, three men wearing ski masks and brandishing weapons attempted to rob a grocery store at 334 West 75th Street. The robbers were unsuccessful in obtaining any money from the store, but they took an employee's keys from him and discarded them. During the course of the robbery, one of the gunmen shot and killed a person in the store.



Thomas was arrested on December 16, 1987, and brought to a police station for questioning. Thomas gave a statement to an Assistant State's Attorney, to the effect that Thomas participated in the robbery, and his role was to guard the door. Thomas' statement implicated several other persons who were involved in the planning and execution of the crime. Thomas did not admit to being the person that fired the fatal shot.

Thomas and a co-defendant had separate simultaneous trials, Thomas by the bench and his co-defendant by a jury. Both were found guilty, and Thomas received 35 years for murder and 15 years concurrent for armed robbery. The co-defendant received 40 years for murder and 20 years consecutive for armed robbery. The co-defendant's sentence was later changed to concurrent time.

Thomas filed a direct appeal, arguing that the evidence did not prove him guilty beyond a reasonable doubt, and that his sentence was excessive. The Illinois Appellate Court rejected Thomas' arguments, and affirmed both his conviction and sentence. Thereafter, Thomas sought leave to appeal to the Illinois Supreme Court, raising only the issue of an excessive sentence. The Illinois Supreme Court declined to hear Thomas' case.

Thomas then brought a pro se post-conviction petition in the Circuit Court of Cook County. In that petition, Thomas argued that his sentence was excessive, and that he had received ineffective assistance of trial and appellate counsel. The Circuit Court issued a written opinion denying the petition without a hearing. The Circuit Court found that the claims were barred by the doctrines of waiver and res judicata, and also found that the claims were without merit.

Thomas appealed the denial of his post-conviction petition, with the assistance of appointed counsel. Thomas argued that the Circuit Court erred in not holding an evidentiary hearing, his sentence was excessive, and he received ineffective assistance of trial and appellate counsel.

Thomas' appointed counsel later moved to withdraw from the appeal under Pennsylvania v. Finley, 481 U.S. 551 (1987). The Illinois Appellate Court granted counsel's motion to withdraw, and summarily affirmed the denial of post-conviction relief. In so doing, the Illinois Appellate Court wrote that it had carefully reviewed the record and found no issues of merit. Thomas sought leave to appeal to the Illinois Supreme Court, which denied the request.

Thomas now seeks a writ of habeas corpus from this court, arguing that: (1) the Circuit Court of Cook County erroneously denied post-conviction relief without holding an evidentiary hearing; (2) his sentence is unconstitutionally disparate from that of his co-defendant; and (3) Thomas received ineffective assistance of counsel because counsel failed to file a motion to suppress his statement and quash his arrest.

## II. DISCUSSION

### A. Standard of review:

Thomas' case is governed by 28 U.S.C. § 2254(d), as amended by the Anti-terrorism and Effective Death Penalty Act ("AEDPA"). Section 2254 sets a high hurdle for habeas relief. The statute states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

3

28 U.S.C. § 2254(d).

The Supreme Court recently examined § 2254(d)(1), and held that the "contrary to" clause and the "unreasonable application" clause encompass two types of error that will cause a writ to issue. See Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 1516-23 (2000) (opinion of O'Connor, J.). The "contrary to" clause describes a state court decision that is opposite to the law announced by the Supreme Court, or where the state court "confronts facts that are materially indistinguishable from . . . relevant Supreme Court precedent," and reaches a conclusion opposite to that of the Supreme Court. See id. at 1519 (also describing "contrary to" as "diametrically different," "opposite in character or nature," or "mutually opposed"); see also Boss v. Pierce, 263 F.3d 734, 739 (7th Cir. 2001) (discussing Williams).

The "unreasonable application" clause of § 2254(d)(1) governs alleged errors in the state court's application of Supreme Court precedent to the facts of the case. See Boss, 263 F.3d at 739; see also Williams, 120 S. Ct. at 1520-21 (discussing different scenarios of unreasonable application of facts, but ruling that "[f]or now it is sufficient to hold that when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case, a federal court applying § 2254(d)(1) may conclude that the state-court decision falls within that provision's 'unreasonable application' clause."). While federal courts have an independent duty to say what the law is, Williams, 120 S. Ct. at 1522, an erroneous application of the law by a state court will not be grounds for relief unless the application was also unreasonable. See id.; Boss, 263 F.3d at 739. Whether the state court's decision was reasonable is an objective question that does not necessarily turn on the correctness of the state court's decision. See Williams, 120 S. Ct. at 1521-22 (holding that a federal habeas court should not issue a writ simply because it concludes that the state court erroneously

4

applied federal law, rather, the application must also be unreasonable); cf. Schaff v. Snyder 190 F.3d 513, 523 (7th Cir. 1999) (holding that a federal habeas court should uphold a state court ruling that is minimally consistent with the facts and circumstances of the case). It is only when the application is unreasonably erroneous that habeas relief may be granted. See Williams, 120 S. Ct. at 1520-22; Washington v. Smith, 219 F.3d 620, 628 & n.5 (7th Cir. 2000).

Section 2254(d)(2) involves the state court's determination of the facts, which are presumed correct. See 28 U.S.C. 2254(e)(1); see also Rodriguez v. Peters, 63 F.3d 546, 554 (7th Cir.1995) ("Factual findings that have been decided by the state trial or appellate courts are presumptively correct."). The petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).[1] With these principles in mind, the court addresses Thomas' petition.

**B. Thomas' Arguments:**

Each of Thomas' claims for habeas relief and their factual basis is discussed individually below.

### 1. Post-Conviction Proceedings:

This claim is based on the Circuit Court of Cook County's summary dismissal of Thomas' post-conviction petition. Thomas asserts that his post-conviction petition claimed ineffective assistance of counsel, which needed to be developed through an evidentiary hearing because it relied on facts outside the record. Thomas argues that the dismissal of his post-conviction petition without a hearing and without appointment of counsel violated his due process and equal protection rights

---

[1] Section 2254 also has various procedural bars, which are not at issue in this case. See e.g. U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842-43 (1999); see also Spreitzer v. Schomig, 219 F.3d 639, 644-45 (7th Cir. 2000) (discussing exhaustion of habeas claims).

5

under the 5th, 6th and 14th amendments. This claim does not raise issues that are cognizable under § 2254. See e.g. United States ex rel Rickard v. Sternes, 149 F. Supp. 2d 437, 444-46 (N.D. Ill. 2001) (and cases cited therein, discussing cognizable bases for habeas relief).

The alleged deprivation of rights in a state sanctioned post-conviction proceeding cannot be the basis of habeas relief under 28 U.S.C. § 2254. Relief under § 2254 is only available for violations of federal law that occur during a criminal conviction in state court. See 28 U.S.C. § 2254(a); see also Moran v. Sondalle, 218 F.3d 648, 650-51 (7th Cir. 2000) (holding that habeas relief is only available for persons that are contesting fact or duration of custody arising from a state criminal adjudication). State law post-conviction collateral proceedings are civil in nature, rather than criminal. Therefore, § 2254 does not afford relief for alleged errors that may occur during a state post-conviction proceeding. See Finley, 481 U.S. at 556-57. Indeed, there is no federal right to a post-conviction hearing in state court, nor is there a federal right to counsel in any state sanctioned post-conviction proceeding. See id.; see also Liegakos v. Cooke, 106 F.3d 1381, 1384-85 (7th Cir. 1997) (noting that states are free to modify or even abolish collateral review of convictions); Zamora v. Pierson, 158 F. Supp. 2d 830, 835 (N.D. Ill. 2001) (collecting authority). Therefore, Thomas' argument that the Illinois post-conviction proceedings violated his federal Constitutional rights is untenable. This claim is denied on its merits.

**2. Disparate Sentence:**

Thomas argues that his sentence of 35 years, in light of his age at sentencing, minor criminal history, and cooperation with police, is unconstitutionally disparate with the 40 year sentence given to his co-defendant because the co-defendant masterminded the crime and has an extensive criminal history. Respondent argues, and the court agrees, that Thomas is not entitled to relief on this issue.

The court must analyze Thomas' sentencing claim under the Eighth Amendment, which prohibits cruel and unusual punishments. U.S. Const. amend. VIII; see also Holman v. Page, 95 F.3d 481, 485-86 (7th Cir. 1996) (analyzing a habeas claim of disparate sentencing). As Holman makes clear, Thomas' argument is without merit. First, contrary to Thomas' argument, a 35 year sentence for felony murder is not excessive. See e.g. Holman, 95 F.3d at 486 (a "sentence of natural life imprisonment for murder is eminently rational"); see also Koo v. McBride, 124 F.3d 869, 875 (7th Cir. 1997) (citing cases and noting that a federal habeas court generally does not review a sentence that falls within the state's statutory limit unless it is grossly disproportionate to the crime). As the Seventh Circuit has noted, "Illinois has the highest interest in meting out severe punishment for . . . brutality, both to deter others of similar moral depravity from committing like crimes and to prevent repeat offenses." Holman, 95 F.3d at 486. The court reiterates that Thomas participated in an armed robbery, to obtain nothing more than a few dollars, where an innocent bystander was shot and killed. A 35 year sentence for such a senseless crime is not unconstitutionally excessive. See Holman, 95 F.3d at 485 (discussing Harmelin v. Michigan, 501 U.S. 957, 994-96 (1991)); see also Harmelin, 501 U.S. at 1009-10 (Kennedy, J., concurring, stating that the Eighth Amendment forbids sentences that are grossly disproportionate to the crime).

Second, Thomas' complaint concerning the alleged disparity between his sentence and that of his co-defendant is not a basis for habeas relief. As long as a sentence is otherwise Constitutional, disparity between co-defendants' sentences is not an independent Eighth Amendment violation. See Holman, 95 F.3d at 486 (citing Williams v. Illinois 399 U.S. 235, 243 (1970)); see also Price v. Washington, 54 F. Supp. 2d 837, 841-42 (N.D. Ill. 1999) (noting that evidence of a co-defendant's lesser sentence is irrelevant to the Constitutionality of a given sentence); cf. United States v. Neyens,

7

831 F.2d 156, 158-59 (7th Cir. 1987) (direct appeal on a federal charge, holding that disparate sentences, alone, is not an abuse of discretion). As outlined above, the court has already found Thomas' sentence Constitutional. Therefore, the alleged disparity with his co-defendant's sentence is irrelevant to the Constitutionality of Thomas' sentence. See Holman, 95 F.3d at 486; Price, 54 F. Supp. 2d at 158-59.

### 3. Ineffective Assistance of Counsel:

Thomas argues his counsel was ineffective for not moving to quash his arrest and to suppress his confession. Thomas argues that his trial counsel should have so moved because he was arrested without probable cause, he did not receive Miranda warnings, and because his confession was involuntary. Thomas claims that he told his counsel about these issues, and counsel failed to press the point. Thomas also argues that his appellate counsel was ineffective for failing to raise ineffective assistance of trial counsel as an issue on direct appeal. This claim has no basis in fact.

Ineffective assistance of counsel claims are governed by the familiar standard of Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). Thomas must first demonstrate that his counsel's performance was deficient, meaning that it fell below objective standards for reasonably effective representation. See id. at 687-88. Then, Thomas has to show that the deficient performance prejudiced his defense, meaning that but for the deficient representation, the result of the trial would have been different. See id. at 694. The court views counsel's performance deferentially, particularly counsel's choice of strategies. See Drake v. Clark, 14 F.3d 351, 355 (7th Cir. 1994) (noting that there is a heavy burden in demonstrating an ineffective assistance claim).

Thomas' claim fails because the record demonstrates that his trial counsel filed a motion to suppress, arguing the very points that Thomas claims should have been argued. Contrary to Thomas'

8

argument, on June 13, 1988, his trial counsel filed a motion to suppress Thomas' post-arrest statement. (See R. 44, attachment A.) The motion outlined the same facts that Thomas argues should have been included, i.e., Thomas did not receive Miranda warnings, and his statements were coerced. Counsel presented these issues to the state court. Thus, Thomas fails to demonstrate that either his trial counsel or his appellate counsel's performance fell below objective standards for reasonably effective representation. This claim is without merit.

### III. CONCLUSION

For the foregoing reasons, the court denies Thomas' petition for a writ of habeas corpus. IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, SR, Judge
United States District Court

DATED: 2/8/02